UNION DRAINAGE DISTRICT NUMBER ONE, IN ETC.,
v.
FRANCIS J. O'REILLY.

*Drainage—Mandamus to Compel Building of Bridge—Admission of Liability in Open Court—Bridge Outside Drainage District—Drainage Statute, Sec. 74.*

1. The admission of a legal liability by a party, in open court, during the progress of a trial, against such party's interest, by which the adverse party is misled to his disadvantage, is binding upon the party making such admission.

2. Under section 74 of the drainage statute there is no distinction as to the liability of the commissioners to build a bridge across an outlet within or without the drainage district.

[Opinion filed December 16, 1889.]

APPEAL from the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. C. H. PAYSON, for appellant.

Messrs. KAY & EUANS, for appellee.

C. B. SMITH, J. This was a petition for a mandamus to compel appellant to build a bridge across an outlet to its system of drainage under the provision of the act to provide for drainage for agricultural and sanitary purposes.

Union Drainage District No. 1 v. O'Reilly.

The petition for the peremptory writ of mandamus set up substantially the following state of facts in due form:

That appellant as a properly and lawfully organized drainage district had entered upon a system of drainage, wholly within the townships of Askum and Danforth, in Iroquois county, and that after its system of drainage had been completed, the commissioners discovered that the outlet for such drainage was not sufficient to carry off the water resulting from its ditches, and that it was necessary to extend the main channel or outlet for the water beyond the boundaries of the district, in order to obtain a proper outlet; and the commissioners having failed to agree with appellee upon the amount of damages to which he would be entitled for allowing such outlet and extension to be opened through a natural watercourse across his farm, that thereupon on the 21st day of May, 1888, the said drainage commissioners filed their petition in the Circuit Court of said county setting up the organization of the drainage district and that it required an outlet for such district across the land of appellee and others, through a natural channel crossing his land, and that they had been unable to agree with him upon the amount of compensation he should have, and concluded with a prayer that the court would proceed to assess appellee's damages according to the statute, etc.

The petition further alleges that the court assessed appellee's damages at $223.97, and that judgment was rendered upon the verdict of the jury; that the same had been paid appellee, and that the commissioners then went upon the land of appellee and took possession of his land and constructed and deepened the natural channel across his land for the purposes of such outlet according to the plans and specifications filed with the clerk; that the lands of appellee are fenced farm lands, and that in order to farm them, it is necessary to cross and recross the ditch; that prior to the deepening of the channel, appellant did farm the land and cross and recross the ditch without trouble, but that since the ditch is dug deeper, he can not cross the same without a bridge, and appellee avers that since the completion of said outlet he has

frequently asked and requested the commissioners to build him a bridge on his farm across the ditch, but that they refused so to do and that they also have refused to contract with appellee for the building such bridge.

The petition further alleges that by virtue of the 74th section of said statutes under which the drainage district was organized and said proceedings were had, it is provided that there shall be constructed at least one bridge or proper passageway over each open drain where the same crosses any inclosed field or parcel of land, and the costs of such construction shall be charged as a part of the construction of said drain, and such bridge or passageway shall be maintained by such commissioners, from the district fund; *provided*, the commissioners may contract with the owners of land crossed by such drain to maintain such bridge or crossing. It is further stated in the petition that upon the trial of the condemnation case, " that the jury were told, before they returned their verdict, by the attorney for the commissioners, speaking in their behalf, and so authorized the judge then presiding, verbally to instruct said jury, that in estimating the compensation and damage to appellee for said right of way over said land they should not allow any sum to said petitioner for or on account of building a bridge over said drain on appellee's land, because said commissioners were, and would be, compelled to make said bridge under said section 74 of the statute above quoted.

Appellant interposed a general and special demurrer to this petition, but the court overruled the demurrer, and appellant declining to answer further, abided by its demurrer, and therefore the court gave judgment against appellant and awarded the peremptory writ, compelling appellant to build a bridge. From this judgment appellant appeals and assigns for error the action of the court in overruling its demurrer. The sufficiency of the petition is the only question before us and involves the construction of the statute relating to the construction of bridges over drains, constructed outside the limits of the district. The demurrer admits all the material facts in the petition well pleaded. We think the petition was good and not obnoxious to the demurrer.

The proceedings of the commissioners against appellee to have his compensation assessed for their outlet was an ordinary condemnation proceeding, under the 41st section of the act of 1885, p. 91, under the power of eminent domain, while the damages for drains or ditches within the district are assessed under the provisions of Secs. 19 and 20.   The petition recites that in the condemnation proceedings the court instructed the jury, on motion of appellant, not to allow any damages for building the bridge, as appellant was bound to and would build the bridge, and without objection, at the time, from appellee; we are bound to reverse the ordinary presumption indulged in all condemnation proceedings, that the jury allowed all damages to which the party was entitled, because the fact is here stated that the jury are directed, both by the court and by counsel for appellant, not to allow such damages as would result from a want of a bridge.   It was an admission of a legal liability made in open court by appellant in the progress of a trial, against his interests, by which the adverse party was misled to his prejudice, and appellant can not now insist that he shall not be bound by such admission and such agreement.   Appellant can not complain that appellee accepted their offer to build the bridge and thereupon waived his right to have the whole amount of damages assessed in the condemnation proceedings.

We also think the 74th section of the statute makes no distinction between the liability and duty of the commissioners to build a bridge, within or without the organized district, across the drains or ditches.   We perceive no reason for any such distinction.   It was the manifest purpose of the Legislature that deep and impassable ditches, made necessary through farms for drainage purposes, should be bridged so as to restore, as far as possible, the usefulness of the farms they crossed, and this burden was made a charge upon the entire district for the benefits they derived from such drainage.   This drainage would be worthless without a sufficient outlet, and we see no reason for relieving the district from the burden of building and maintaining bridges where they are compelled to seek an outlet across farms outside the district.   Digging a

deep and impassable ditch across appellee's farm outside the district made a bridge just as necessary to him as it would be to a land owner within the district under like circumstances.

We do not desire to be understood, however, as holding that in all cases when a natural outlet or watercourse is used or condemned outside a drainage district for the purpose of an outlet for such district, that the district would be compelled to bridge all such outlets or watercourses without reference to their size or character. We can see how it might be most unreasonable or oppressive to require the bridging of any and all natural watercourses used for an outlet; but if the character of the outlet or stream be of such size or character that the district should be relieved from bridging it, such facts should be brought to the attention of the court by plea or answer, if they do not appear in the petition. Finding no error in the record, the judgment is affirmed.

*Judgment affirmed.*